CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 7 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| REVEREND PIERRE A. RENOIR, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00164 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN RAY, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Reverend Pierre A. Renoir, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Warden Ray at Red Onion State Prison and other "unknown" members of the Virginia Department of Corrections staff. Renoir claims that the defendants have violated his federal constitutional rights by disturbing his sleep, by denying him treatment for his alleged Parkinson's disease, and by denying him treatment for an alleged ear infection. Because Renoir previously filed three civil actions that the federal courts dismissed for failure to state a claim upon which relief may be granted, Renoir cannot proceed without prepaying the full filing fee unless he first demonstrates that he "is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Renoir has not shown that he is in danger of serious physical harm. Moreover, his Parkinson's claim is an unactionable disagreement with his doctor regarding diagnosis, and he has not exhausted his ear-infection claim. Accordingly, the court dismisses his suit.

I.

Renoir claims that guards frequently make noise in and around his cell so he will "show

---

[1] See Renoir v. Miller, Civil Action No. 7:99CV00330 (W.D. Va. Dec. 21, 1999); Renoir v. Angelone, Civil Action No. 7:99CV00211 (W.D. Va. Oct. 29, 1999); Renoir v. McMillan, Civil Action No. 7:99CV00356 (W.D. Va. June 28, 1999).

movement" and so the guards can "make sure [he is] still breathing." Renoir also claims that he has Parkinson's disease and that prison officials refuse to refer him to an outside neurologist. Finally, Renoir claims that he had had an ear infection for ten hours at the time he filed the current suit but that prison officials had refused him medical care. Renoir states that he filed an "emergency grievance" concerning to the ear ache; however, he waited only a few hours for a response and then, receiving none, abandoned his grievance in favor of the current suit.

## II.

Because Renoir has not prepaid the full filing fee and the federal courts previously have dismissed three of Renoir's complaints for failure to state a claim upon which the court may grant relief, Renoir cannot proceed with this action unless he either pays the full filing fee or demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Renoir has not demonstrated that he is in imminent danger of serious physical injury. Renoir does not even claim that the alleged sleep interruptions pose a risk of serious physical injury. As for his alleged Parkinson's disease, the essence of Renoir's claim is Renoir's disagreement with prison officials refusal to diagnose him with Parkinson's and to refer him to an outside neurologist. Thus, his claim amounts to nothing more than an unactionable disagreement with medical staff over his diagnosis. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Renoir filed this suit within ten hours of developing his ear infection. The court has no way of knowing whether Renoir eventually received medical attention for his alleged ear infection; however, the court does find that Renoir was not in imminent danger of serious physical injury at the time he filed this suit simply because he had not received medical treatment within ten hours of

developing an ear infection. Moreover, pursuant to 42 U.S.C. § 1997e(a), an inmate must exhaust all available administrative remedies before filing a claim under § 1983. Renoir admits that he has not exhausted his remedies here, abandoning his grievance and filing suit mere hours after filing the grievance. Accordingly, the court dismisses Renoir's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[2]

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 27th day of March, 2006.

United States District Judge

---

[2] The court has notified Renoir previously that, as long as he remains a prisoner, he may not file civil actions or appeals in federal court without prepayment of the full filing fee unless he demonstrates he is under imminent danger of serious physical injury. Accordingly, the court will not afford Renoir additional time to either pay the full filing fee or demonstrate that he is under imminent danger of serious physical injury.